NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3550
_____

FRANK JEFFS,

Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-00827)
District Judge: Honorable Jan E. DuBois
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 9, 2017

Before: SMITH, *Chief Judge*, HARDIMAN, *Circuit Judge*, and
BRANN, *District Judge*.[*]

(Filed: November 16, 2017)

_____

[*] The Honorable Matthew W. Brann, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

_____

OPINION[**]

_____

HARDIMAN, *Circuit Judge*.

Frank Jeffs appeals an order of the District Court denying his petition for a writ of

habeas corpus under 28 U.S.C. § 2254. Because the state courts did not unreasonably apply

*Strickland v. Washington*, 466 U.S. 668 (1984), we will affirm.

I

On a spring morning in Philadelphia, firefighters found Robert Kerwood, Jr.

sitting in his SUV with a bullet in his brain. The district attorney charged petitioner Frank

Jeffs with Kerwood's murder. Jeffs admitted shooting Kerwood from the driver's seat of

his own car, but claimed he had acted in self-defense after Kerwood followed him, drove

into his lane, and "point[ed] something black and shiny at [him]," App. 336, all the while

screaming death threats out an open window. Unpersuaded, the jury convicted Jeffs of

first-degree murder, along with possession of an instrument of crime. The Pennsylvania

courts affirmed that verdict both on direct appeal and in collateral proceedings under the

Pennsylvania Post-Conviction Relief Act (PCRA). *See* 42 Pa. Cons. Stat. § 9501 *et seq.*

After exhausting his remedies in state court, Jeffs petitioned the District Court for

a writ of habeas corpus. Among other claims not relevant to this appeal, Jeffs argued that

his trial counsel was constitutionally ineffective for failing to call as a witness Joseph

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Criniti, a friend of Kerwood's who had testified previously that Kerwood had a history of aggressive behavior behind the wheel. Concluding that the Pennsylvania Superior Court did not apply *Strickland* unreasonably, the District Court denied the petition under 28 U.S.C. § 2254(d)(1). This Court subsequently granted a certificate of appealability limited to the question of whether the failure to call Criniti as a witness amounted to ineffective assistance of counsel.

II[1]

Based on Criniti's testimony at a prior hearing, the PCRA court characterized Criniti's anticipated trial testimony as follows:

> Criniti testified that he had known [Kerwood] for about 15 years. He indicated that, while riding as a passenger in [Kerwood's] vehicle, he had observed [Kerwood] yelling out the window at other drivers, spitting at them, and giving other drivers the finger. . . . He confirmed that not only had he warned [Kerwood] about his behavior but that he had knowledge that a couple of [Kerwood's] friends had done so as well. Mr. Criniti testified that these incidents of road rage that he had observed had occurred about eight or nine years earlier.

App. 319 (internal citations omitted). At trial, as the defense case wound to a close, the judge asked Jeffs's lawyer whether he still intended to call Criniti. Although the judge had already ruled that Criniti's testimony would be admissible, counsel replied that he did not wish to call Criniti because he did not want to open the door to evidence of Kerwood's peaceful character. The district attorney confirmed that it planned to present

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 2241(a). We have jurisdiction under 28 U.S.C. §§ 1291 and 1253.

3

such evidence if Criniti testified, but did not identify any witnesses. The trial judge then inquired whether Jeffs agreed with the decision not to call Criniti and Jeffs concurred.

The Superior Court held that Jeffs had not been denied effective assistance, "as trial counsel's advice [not to call Criniti] was both legally sound and rationally-based trial strategy." App. 346–47. The Superior Court did not explain its reasons for this conclusion. Pennsylvania's standard for ineffective assistance of counsel "constitute[s] the same rule" as that announced in *Strickland*. *Commonwealth v. Pierce*, 527 A.2d 973, 976 (Pa. 1987). We therefore review the Superior Court's decision to determine whether it unreasonably applied *Strickland*. The question on appeal is whether the Superior Court's application of *Strickland*'s performance-and-prejudice standard was so beyond the pale "that no fair-minded jurist could agree with it." *Johnson v. Lamas*, 850 F.3d 119, 135 (3d Cir. 2017).

III

Where, as here, the state court decides a habeas petitioner's claim on the merits without explanation, we "must determine what arguments or theories . . . could have supported[] the . . . decision; and then . . . ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Jeffs argues that the decision not to call Criniti was objectively unreasonable for two reasons.

First, Jeffs argues that our decision in *Branch v. Sweeney*, 758 F.3d 226 (3d Cir. 2014), compels a finding of deficient performance because Criniti's testimony "tended to

4

exculpate [Jeffs] and aligned almost perfectly with [Jeffs's] account of what happened." Reply Br. 9 (quoting *Branch*, 758 F.3d at 238). Criniti's testimony, however, is quite unlike the evidence left unpresented in *Branch*. Our decision in that case was based on our judgment that it was "difficult to see how the jury could have returned a guilty verdict . . . if it credited [the uncalled witnesses'] testimony." *Branch*, 758 F.3d at 236. We analogized the unpresented testimony, if credited, to testimony that identified a different perpetrator altogether. *Id.* Criniti's evidence was not so compelling. Even under the best of circumstances, a reasonable jury could have fully credited Criniti's testimony that Kerwood had a reputation for aggressive driving and still convicted Jeffs of first-degree murder. And Jeffs's counsel had significant reason to doubt that the best would come to pass. For one thing, Criniti's evidence of Kerwood's character was stale. Although his original statements to the police did not indicate such staleness, Criniti later clarified that the only incidents of aggression he recalled had taken place eight or nine years prior—"nothing recently," in Criniti's words. App. 49 (Tr. 21:10–22:11). Moreover, Criniti, who was a close friend of Kerwood's, had declared himself a hostile witness. At an evidentiary hearing to determine his testimony's admissibility, Criniti insisted that he was "not going to cooperate with [Jeffs's counsel]." App. 45 (Tr. 6:16–22).

Jeffs's second point is that his lawyer's performance was deficient because it was uninformed. To be sure, it appears that Jeffs's counsel decided not to call Criniti at least in part because he did not want to open the door to evidence of Kerwood's peaceful character, despite not knowing what that evidence would be. And we have held that

5

uninformed decisions are not entitled to the ordinary deference that the *Strickland* standard affords counsel's strategic choices. *See, e.g.*, *Rolan v. Vaughan*, 445 F.3d 671, 682 (3d Cir. 2006). There is no indication in the record, however, that the desire to close the door to evidence of Kerwood's peacefulness was the *sole* basis for the decision not to call Criniti. Jeffs tries to characterize one sentence in the PCRA court's decision as a factual finding to that effect, entitled to deference under 28 U.S.C. § 2254(e)(1). That attempt is unavailing. The PCRA court's bare recital adds nothing to Jeffs's attorney's own statement, which itself contained nothing to suggest that counsel had considered testimony as to Kerwood's peacefulness to the exclusion of other concerns.

Indeed, as the district attorney points out, "it would represent an exceptionally . . . unrealistic view of the trial process to presume that counsel considered *only* the prospect of rebuttal testimony." Commonwealth Br. 45 n.17. While we do not conjure scenarios that "contradict" the evidence of what counsel considered, "neither [do we] insist counsel confirm every aspect of the strategic basis for his or her actions. There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Richter*, 562 U.S. at 109 (internal quotation marks and citation omitted).

Because we have no factual finding about counsel's thought process,[2] we must ask whether any theory provides reasonable support for the Superior Court's conclusion that the decision not to call Criniti was an acceptable exercise of professional judgment. *See*

---

[2] Jeffs's trial counsel was unavailable to testify at the evidentiary hearing before the PCRA court because he was deceased.

*id.* at 102. We think one does. Criniti's testimony about Kerwood's trait of aggressiveness would not only have opened the door to evidence of Kerwood's peaceful character—it would also have permitted the district attorney to introduce evidence of *Jeffs's* aggressive nature. *See* PA. R. EVID. 404(a)(2)(B)(ii). The district attorney, if given the opportunity, planned to call Jeffs's supervisor and coworker to testify that Jeffs was an aggressive man, and was not allowed to drive a truck at work because he was "always yelling and screaming at other drivers." App. 109–110 (Tr. 12:6–13:10).

Jeffs's counsel was well aware that calling Criniti would open the door to strong evidence of Jeffs's aggressive behavior. And the record clearly shows that during the trial, counsel weighed that possibility in deciding whether to call Criniti. App. 110 (Tr. 15:2–19) (noting that, given the evidence of Jeffs's aggressiveness, calling Criniti would come "at my own peril or my client's own peril"). Counsel knew that Criniti's testimony would have permitted the district attorney to introduce potentially devastating character evidence. Criniti's own testimony corroborated the defense case, but—in light of the doors it would have opened and the risk of losing control of a hostile witness—it was hardly so essential or so compelling that calling Criniti was the only reasonable choice. On this record, we cannot conclude that the Superior Court unreasonably applied *Strickland*.

\* \* \*

Applying our deferential standard of review to the state court's decision that Jeffs's counsel's performance was not constitutionally deficient, we will affirm the judgment of the District Court.